FILED ___ RECEIVED
ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

DEC 2 2 2010

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RODNEY LAMPSON and SANDRA LAMPSON, | ) ) ) |
| Plaintiffs, | ) ) 3:10-cv-793-RCJ-RAM |
| vs. | ) ) |
| METLIFE, METLIFE HOME LOANS and UTLS DEFAULT SERVICES, LLC, | ) **ORDER** ) ) |
| Defendants. | ) ) |

Presently before the Court is a Motion for Temporary Restraining Order (#5) and Ex-Parte Application for Temporary Restraining Order (#7). For the reasons given herein, the Court denies the motions.

Plaintiffs initiated this lawsuit on December 21, 2010 and filed a Motion for Temporary Restraining Order (#5) and Ex-Parte Application for Temporary Restraining Order (#7) on December 22, 2010. Plaintiffs' requests for injunctive relief seek to stop the foreclosure sale on property located at 1283 Hermosa Ct., Minden NV 89423, which is allegedly set for foreclosure sale on December 22, 2010. According to Plaintiffs, the lenders on the property violated the Truth in Lending Act and defrauded Plaintiffs because the lenders "confirmed that they would accept" Plaintiffs stock certificates to halt the sale of Plaintiffs' property; however, the lenders later "changed [their] position" and are proceeding with foreclosure.

Under Fed. R. Civ. P. 65(b), a plaintiff must make a showing that immediate and irreparable injury, loss, or damage will result to plaintiff without a temporary restraining order. Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001) ("The standard for issuing a preliminary injunction is the same as the standard for issuing a temporary restraining order."). The standard for obtaining ex parte relief under Rule 65 is very stringent. *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). The temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974). The same legal standard applies to temporary restraining orders and preliminary injunctions sought pursuant to Federal Rule of Civil Procedure 65. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)(noting that the analysis applied to temporary restraining orders and preliminary injunctions is "substantially identical"). The court may enjoin or restrain a defendant from acting where the plaintiff demonstrates the following: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the plaintiff's favor; and (4) that an injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 376 (2008).

In this matter, the Court finds that Plaintiffs have failed to satisfy the strict standard necessary for the Court to enter an ex parte injunction. Although the Court is sympathetic to Plaintiffs' plight, Plaintiffs have failed to satisfy the requirements of Federal Rule of Civil Procedure 65(b). *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)("Pro se litigants must follow the same rules of procedure that govern other litigants."). In addition, Plaintiffs have failed to establish a likelihood of success on the merits.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Temporary Restraining Order (#5) and Ex-Parte Application for Temporary Restraining Order (#7) are DENIED.

IT IS SO ORDERED.

Dated this 22nd day of December, 2010.  Time: 12:00 p.m.

_____
ROBERT C. JONES
United States District Judge